May it please the Court. Brian Whitlin, student at UCLA School of Law, on behalf of the appellants Peter and Mary Eriksen. I'm here with Patricia Urcia with O'Melvenine Myers. I'll be addressing our statutory tolling argument for Leave to Awend, while my co-counsel will be addressing equitable tolling. We would like to reserve one minute for rebuttal. How long do you want for your argument? Five minutes, please. All right. On its face, it looks like the Erikson Section 1983 claim is about three and a half years late. But what the District Court failed to recognize is that the facts before it provided the basis for more than enough statutory tolling to make up for that time. Statutory tolling is based on a recognition of the fact that there are certain periods of time when a litigant is unable to, or prohibited by law, from pursuing their action. That was the case here, but the District Court did not give the Eriksons the opportunity to tell that story. Instead, it dismissed without Leave to Awend, even though Leave to Awend is required unless it is absolutely clear that amendment would be futile. That high standard was not met in this case. There are two periods of time that the Erikson ---- Let me ask you a couple of fact questions that I want to make sure about. You don't dispute that all of the claims for which your client sues occurred on June the 24th of 2002, do you? In other words, everything that you're suing about happened on June the 24th of 2002? Yes, with the exception of their malicious prosecution claim, which would not accrue until after the ---- After the ---- When did it accrue? March 17, 2004, is based on the facts of the record when it accrued, when his criminal conviction was ---- So I can focus in on those dates? Yes, Your Honor. Okay. Let me ask you a second question then. You understand that the district court sent up its first decision to us, and we said, you're wrong. You've got to dismiss this claim without prejudice. And we sent it back, and the district court did that. On February 27, 2009, the district court amended its order and dismissed without prejudice, correct? Yes, Your Honor. And no one appealed that decision. Isn't that also correct? Yes, Your Honor, but that's not relevant for statutory tolling. There's two periods of time that the Erickson's brought to the attention of the court below that gave rise to more than enough statutory tolling in this case. There's two periods. One, the dismissal with prejudice barred them from filing this action until the order was amended to be a dismissal without prejudice. That was on February 27, 2009. Correct. As to the city, it was dismissed April 6, 2006. As to the county, it was dismissed May 18, 2006, both with prejudice. That was not amended for dismissal without prejudice until February 27, 2009. During that time, the Erickson's could not file this action. There's a second period of time. After the traffic stop in this case, Mr. Erickson was charged and convicted in criminal proceedings, but that conviction was overturned. While that conviction stood under the Heck doctrine, Mr. Erickson could not bring this claim. Why is that true? Because the Heck v. Humphrey would actually only bar something that implicated the conviction. And there may well be, as you know, Section 1983 claims that don't implicate the conviction. So there's not a one-to-one correlation. So why do you say that he would have been barred in a civil case? Well, he would have been barred from bringing false imprisonment or false arrest claims because those would undermine the conviction. We do not claim that it would undermine the excessive force conviction. I'm sorry, the excessive force claim. No, Your Honor. The claim is that he would have been barred from bringing false imprisonment. And as the malicious prosecution claim did not occur. Well, so let's stop right there. So there's at least one claim. Correct. That wouldn't have been barred. So your view is that if one would be barred, all the rest should be suspended, in effect? No, Your Honor. The rest of the claims, leave to amend is still required as to all the claims here because the district court did not even look to the right rules here. It did not identify Washington tolling rules in considering the timeliness of this claim. That didn't even enable it to know what facts it would need to determine whether it could make a decision at that time to determine with certainty that amendment would be futile. And so all the claims. I'm not quite sure you answered my question. On the excessive force claim, why isn't that barred by the statute? There's no tolling in that case. Correct, Your Honor. The HEC bar would not toll by Washington's statute for that time. So it would be untimely? That's where equitable tolling would step in. And since my time has run out, I'll pass it along to my. I'll just let you finish the answer to the question. Oh, I'm sorry. Equitable tolling would step in that case. By statute, solely looking at Washington's statute, that would not be enough to make the excessive force claim timely. And based on the facts we have right now. But again, the Erickson's were not even given the opportunity to allege all the relevant facts for tolling. Thank you. Good morning, Your Honors. Patricia Garcia with O'Malvey & Myers, also here on behalf of Mr. and Ms. Erickson. I would like to address the issue of tolling in this case from a different perspective, which was also not considered by the district court. And that is one of equity. And then there are. So if it isn't considered by the district court, why is it an issue here? It was considered in the sense that the district court said there might be some kind of tolling here. It looks like the Erickson's might be arguing tolling here. But then it didn't go on to do an analysis of the tolling, which is why the district court had failed and why, at the very minimum, remand is possible. But the facts that. How do you reconcile your tolling, equitable tolling argument, with the clear holding of in-ray bonds? In-ray bonds was a different situation. Well, first, after in-ray bonds, the standard for equitable tolling changed under Washington law. Before in-ray bonds, it was a very narrow standard that focused on the malfeasance of the defendant. After in-ray bonds, what the justices agreed on is that the standard is, does justice require it? They also told us we should look to the underlying purpose of the statute of limitations. Bonds presented. Didn't bonds – bonds, of course, was distinguishing between criminal and civil. And in the civil context, didn't they say you have to have certain predicates met? And those predicates, in addition to justice and equity, are bad faith deception or false assurances. Those didn't just go out the window under Washington law, did they? The Washington courts have interpreted bonds in a civil context after in-ray bonds. Just this – earlier this year in Putts v. Golden, the district – the district court of Washington in Washington applied the post-in-ray bond standard in a civil case and found that equitable tolling does apply because the question after in-ray bonds in both the criminal and civil context is, does justice require it? You look at the equities and you determine, does justice require tolling in these circumstances? Well, that doesn't answer my question. What does this mean in in-ray bonds when it says that equitable tolling applies, quote, when justice requires and when the predicates for equitable tolling are met? What does – what have the courts said about the predicates? The predicates were only – the only – the four-justice majority adopted those predicates in that case. The two justices in the concurrence and the three justices in the dissent said that they did not approve of that standard and that justice requires it in much broader circumstances. And then in-ray bonds was then considered two more times, once by the Washington Supreme Court in in-ray Carter where they analyzed in-ray bonds and they said what happened in that case is that the court rejected the very narrow – very narrow test that had once been used under Washington tolling laws. And then – and then the Putz v. Golden case, which is a district court case, analyzed in-ray bonds and also did the same thing. They said only four justices in that case promoted that standard and the other five justices, the majority, rejected that as the standard. And so where that leaves us is the question of does justice require it, not adopting these very narrow – this very narrow test. And the narrow question before this Court is should these plaintiffs who have proceeded pro se and in form apoprys, who have been denied leniency at every stage of this litigation in navigating our very complex rules of civil procedure, but who nevertheless were able to timely file tort claims against the defendants well before the statute of limitations ran, giving them notice of these claims, who were timely filed their proper service on the defendants in the last action, and who have successfully appealed the prior dismissal with order of prejudice, where the district court construed the civil rules of procedure against the defendants in both the statute of limitation and the Rule 4M issue, whether those plaintiffs should be allowed to proceed on their civil rights claims on the merits. Are we really talking then about whether they faithfully exercised diligence in this particular matter? That is one of the considerations, Your Honor, in the balancing of the equities. I see that my time is running out here. Let me ask a related question. It seems that the argument embedded in the briefs is something to the effect that the courts should have sua sponte raised or brought up this discretionary extension issue under the rules. Is that still your position? Your Honor, that is one of the equities that weighs in favor of an equitable tolling analysis here. And if the court – even if the court disagrees that Rule 4M was – the second prong of Rule 4M was not considered, we think the other equities, the fact that this is a Section 1983 civil rights claim, that these are pro se litigants who have not received the benefit of the leniency that they're entitled to under Federal law, the fact that defendants have been on notice well before the statute of limitations running, that they were going to have to answer for the violence of their law enforcement, and the fact that the plaintiffs have litigated their rights with diligence. Those are all the factors in the Rule 4M. If I don't find they've litigated their rights with diligence, then I can't get there? That's just one of the equities. We do think that there is diligence on this record. I know that's your argument. But if I don't agree with you, then I don't get there? Respectfully, that is one of the equities that the Court would consider. And there are other equities, which – some of which I just named in the facts in the record, which would still get you equitable tolling under this new standard under Washington law. Thank you. Thank you, Your Honors. Good morning, and may it please the Court. My name is Kirk Ellis, and I represent the city defendants in this action. I am joined here by Chris Curley, who represents the county defendants, and Carl Waring, who represents the state defendants. I'll be presenting the majority of the argument on behalf of the defendants today. Mr. Waring will be presenting some argument at the conclusion of my comments. The plaintiffs make so many unprecedented requests in this action that it's hard to keep them straight. First, they would ask the Court to completely ignore the rules of appellate procedure and go back and relitigate an action that was concluded over three years ago. Then they would ask the Court to equitably toll the statute of limitations for a period unheard of under Washington law. Next, they would ask the Court to completely nullify the plain language of Rule 4M. Finally, they propose that the district court judges and judges of this Court act as paralegals and attorneys for pro se litigants. The Court should and must reject these arguments. As the Court is well aware, the Erickson's prior appeal to this Court was concluded well over three years ago. The panel that heard that appeal unequivocally determined that the district court was correct to dismiss the Erickson's action under Rule 4M. In that case the case. Service, right? That's inadequate service, correct? That is correct, Your Honor. In that case the case. And in that appeal, this claimed duty of the Court to raise the discretionary extension was not argued or presented, is that correct? Your Honor, the way I read the cases, I believe that it was something that was addressed. Whether it was explicitly explained in the opinion or not, I can't really say that that's the case. If you look at Judge Suk, the language of Judge Suk. When you say that, I thought they didn't even raise it in their appellate brief. But now you're suggesting they raised it and the Court addressed it? Well, Your Honor, what I'm saying is if you look at Judge Sukoh's opinion in this case, he clearly, clearly ordered the Erickson's to comply with Rule 4M. They ignored that. Then, after the defendants raised the motion to dismiss, Judge Sukoh determined that there was good, they had not established good cause, but he also explicitly noted that the Erickson's had not requested an extension. There is explicit language in his opinion to that effect. This Court then went on and determined that there was no abuse of discretion on Judge Sukoh's part. Those – reading that together, I would argue to the Court that, in fact, the discretionary extension issue was extinguished as part of the first appeal. Well, the panel said we review for abuse of discretion the district court's dismissal for failure to comply with the service of process requirements, correct? That's correct, Your Honor. Then said both did not affect service within the proper time frame or show good cause for failing to do so. That's correct, Your Honor. And that was never appealed, right? That was never appealed beyond this panel – beyond that panel, Your Honor. And that's the crux of our argument as to the rules of appellate procedure. At some point, we have to have finality. The Erickson's clearly had an avenue. If they were dissatisfied with that decision, they clearly had an avenue to pursue it further. They voluntarily elected not to. That action was concluded, and it should remain final and binding upon the Erickson's. Then they commenced the other action. Then they waited a period of time and commenced another action well beyond, over twice the statute of limitations period of time, a completely different action. As I understand it, the district court made a decision in February on the prior decision, and then they filed their new action on March 16th. Would that be correct? That is correct, Your Honor, yes. And as Mr. Waring will point out, it was a completely different action because they actually named different defendants in that second action. There were actually different claims made. So this whole argument that there was – this was just a continuation of the first action, that's a falsity. It also bears repeating that the prior action, portions of it were dismissed. This Court affirmed the dismissal of much of their case. The only things that were directed to be dismissed without prejudice were the 1983 actions. All the state claims were done. Would you address the equitable tolling argument under 1983 and under Washington law? I'm sorry, Your Honor. I missed the first part of that. Would you address the equitable tolling argument under Washington law as to the Section 1983 claims? Yes, gladly, Your Honor. As to the equitable tolling argument, Your Honor, as you indicated in your questioning, the Washington Supreme Court has never overruled the underlying predicates to establish equitable tolling. There has to be evidence of bad faith on behalf of the defendants. There has to be false assurances or something to that effect. This case is completely and utterly devoid of any evidence of that kind. Moreover, as Justice Smith pointed out, there has to be evidence of diligence. We don't have evidence of diligence whatsoever in this case. The plaintiffs in this case, in two different actions, completely and utterly failed to comply with Rule 4M. The first time they failed to do it, it resulted in the dismissal of their case. The second time, they were again ordered by a different district court judge to comply with 4M. They again ignored that judge's directive and never effected service. As we stand here today, they still have not completely effected service under Rule 4M. That in and of itself establishes that there is a lack of diligence on behalf of the plaintiffs. Yeah, well, I didn't buy that too much in the sense of this thing is tied up in the case itself. I mean, I think it's a very good question, but I don't think it's a very good question to hire a process server and serve the defendants until it was clear whether they could go forward. So it doesn't seem that that is a very good leg to stand on. The real question is, they argue, of course, that under Carter and other cases, that somehow equitable tolling in Washington has a new patina. And I take it you disagree with that. I do disagree with that, Your Honor. And if that is the case, if there's a new patina on it, it needs to be addressed by Washington courts. That's the Washington tolling statutes, that's an issue for Washington state courts. I would submit to you that the cases existing thus far under Washington law don't establish that there's a new patina on equitable tolling. The old predicates under Boyd are still in existence, and that's the law we should be looking at. And I am very close to concluding my time, so unless you have some questions for me, I would heed to Mr. Waring. Thank you. Thank you. Good morning. My name is Carl Waring. I'm an assistant attorney general for the State of Washington. I'm here today representing members of the Washington State Patrol who have been named individually in the Erickson's 2009 civil lawsuit. Of import, and as Mr. Ellis has already alluded, none of these individuals were named in the 2006 action that was brought by the Erickson's. The significant result of that is equitable tolling should not be applied to any of those individuals. To understand this argument a little bit better, I need to explain the premise that the plaintiffs are forwarding for equitable tolling is that they should have received this sua sponte grant of discretion in order to go out and effectuate service on the individuals, on the defendants who were named in the 2006 action. None of these individuals in the 2009 action were parties at that time. And curiously enough, they could have been. In the Erickson's 2006 complaint, they mention two of the individual troopers who were then named in the 2009 complaint, but they don't name them as defendants. Instead, they opt to name ten fictitious defendants, John Doe's 1 through 10. The problem with that, and I'm probably jumping ahead to what might be some arguments by the plaintiff here, is that when you name fictitious defendants, you have to then go through the analysis of whether or not amending and bringing in those named defendants relates back to your original date of filing or not. Generally it doesn't. Generally, if you start a new claim after a complaint has been filed and an action has been commenced and it relates to those same transactional facts, the new claim will relate back to the date of filing of the complaint. However, that same rule isn't applied to new individuals or new parties. And thus, the suggestion here that equitable tolling should be applied as against the individual members of the Washington State Patrol simply shouldn't be granted. And that's because any extension of service for the 2006 action would not have brought them within the statute of limitations anyway, because they simply weren't parties. I understand I have 30 seconds left, so I briefly want to address the issue of equitable tolling. The plaintiffs are forwarding the theory of precedent by patchwork, suggesting that if we pull the statements of two concurring justice and then we pull the statements of three dissenting justice and we pull them together, we now have a new test for equitable tolling in the State of Washington. That's not precedent. That's patchwork. And as Mr. Ellis pointed out, that's an issue best left to the Washington courts. So we ask the court to affirm the district court's decision in dismissing the Erickson's complaint. Thank you. Although you've used your time, we're going to give you some rebuttal time. So I would ask if the clerk could put a minute back on the clock, which they had requested for rebuttal. Thank you very much, Your Honors. I'd like to address the patchwork argument that the State just proposed. It's very clear from In re Carter, which was a subsequent Washington Supreme Court case after In re Bond, that they found that the test, the narrow circumstances test, was rejected. It's on page 929 of the Carter case. And then the same exact language shows up in Putsvi Golden, which is the civil context in which Bonds was analyzed again. And they said, accordingly, in Carter, the Washington Supreme Court recognized that the doctrine of equitable tolling applies more broadly than Washington case law may have indicated previously. There is no question that the old test that the city and state are relying on here is no longer the law under Washington equitable tolling laws. The other issue that I'd like to address is whether or not we're re-litigating an action that was previously decided. And the fact of the matter is, there was no full and fair opportunity to litigate whether a future filed claim would be time barred in the Rule 4M analysis. That was not the question before this Court. And that is the question that we pose to you now. Under the super male standard, there is, you have to ask, is there no set of facts that can make this claim timely? And between statutory tolling and the equitable principles here, at the very least, we deserve remand and let the district court analyze whether or not Washington tolling law, which it had never previously looked at, would allow this claim to go forward. Thank you. Thank you, Your Honors. The case of Erickson v. Surface is submitted. I would like to thank Mr. Whitlam and UCLA, as well as Ms. Garcia, for participating in our pro bono program. I know that it is of value to the Court, and also usually defendants and appellees appreciate being able to respond to a thoughtful and careful brief. So I thank all of you for your arguments this morning. The case is submitted.
judges: Nguyen, McKeown, Smith